IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN LEE NABER,

    Plaintiff,

  v.

                                                           No. CIV 15-00129-KG-SMV

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, FNU GREER, *Chief
of Corrections*, VIRGINIA CHAVEZ,
*Assistant Chief*, FNU GRANT, *Lieutenant*,
FNU HOGAN, *Captain*, and CHAPLAIN
DEPARTMENT,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint [Doc. 1] and Motion for Preliminary Injunction [Doc. 3]. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, certain of Plaintiff's claims and Plaintiff's Motion for Preliminary Injunction will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's civil rights complaint alleges that Plaintiff was deprived of his right to religious freedom while he was incarcerated at the Bernalillo County Metropolitan Detention Center (MDC), because he was not provided with kosher meals and he was not permitted to hold religious-study classes. [Doc. 1] Specifically, Plaintiff alleges that inmates on a kosher diet were given non-kosher food, did not receive "holiday meals" on religious holidays, and that kosher meals often differed in proportion to regular meals. [Doc. 1 at 2] Plaintiff further alleges that Jewish inmates were not permitted to congregate for religious study classes in the absence of a chaplain, but MDC refused to provide a Jewish chaplain for religious instruction. [Doc. 1 at 3] Plaintiff's complaint seeks monetary damages and injunctive relief. [Doc. 1 at 5]

"When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system," then the prisoner's claims for declaratory and injunctive relief are rendered moot if they "relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). This is "[b]ecause a prisoner's transfer or release signal[s] the end of the alleged deprivation of his constitutional rights . . . an entry of equitable relief in his favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the

defendants' behavior towards him." *Id.* (internal quotation marks and citations omitted).

Plaintiff is no longer incarcerated at MDC; the docket reflects that he has been transferred to Avon Park Correctional Institution in Avon Park, Florida.  [*See* Doc. 15]  Because Plaintiff's civil rights complaint "relate[s] solely to the conditions of confinement at the penal institution at which [he] is no longer incarcerated," *id.*, Plaintiff's claim for injunctive relief and motion for preliminary injunction will be dismissed as moot.

Plaintiff's civil rights complaint names MDC and the Chaplain Department of MDC as defendants.  [*See* Doc. 1]  However, "governmental sub-units are not separate suable entities that may be sued under § 1983."  *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished opinion); *see also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing plaintiff's civil rights complaint against City of Denver Police Department because it "is not a separate suable entity"), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986).  Therefore, the Court liberally will construe Plaintiff's claims against MDC and the Chaplain Department of MDC as against Bernalillo County itself.

A county "cannot be held liable under section 1983 on a *respondeat superior* theory for merely employing a tortfeasor."  *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (citing *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978)).  Rather, counties "are subject to liability only for their official policies or customs."  *Id.*  In the present case, Plaintiff's civil rights complaint fails to allege that Bernalillo County had an official policy or custom regarding the provision of kosher meals or religious instruction to Jewish inmates at MDC.  Therefore, Plaintiff's civil rights claims against Bernalillo County will be dismissed.

IT IS THEREFORE ORDERED that Petitioner's claim for injunctive relief and Motion for Preliminary Injunction [Doc. 3] are DISMISSED as moot;

3

IT IS FURTHER ORDERED that Plaintiff's claims against MDC and the Chaplain Department of MDC are DISMISSED; and MDC and the Chaplain Department of MDC are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint [Doc. 1], for Defendants Greer, Chavez, Grant, and Hogan.

_____
UNITED STATES DISTRICT JUDGE