IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUSTIN LEE NABER,

    Plaintiff,

v.                                    No. 15-cv-0129 KG/SMV

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, FNU GREER,
VIRGINIA CHAVEZ, FNU GRANT,
FNU HOGAN, and CHAPLAIN DEPARTMENT,[1]

    Defendants.

**MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court sua sponte.  Plaintiff filed a Complaint against Defendants pursuant to 42 U.S.C. § 1983, seeking monetary relief.[2]  [Doc. 1] at 6.  Defendants filed their Answer on October 5, 2015.  [Doc. 24].  The Honorable Kenneth J. Gonzales, United States District Judge, referred this case to me for analysis and a recommended disposition.  [Doc. 14].  Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, I find that the facts alleged by Plaintiff, even if true, do not state a claim against the Defendants.  Thus, I respectfully recommend that Plaintiff be given 30 days to **AMEND** his complaint.  If Plaintiff fails to amend his complaint within 30 days, I recommend that it be **DISMISSED WITHOUT PREJUDICE.**

---

[1] Defendants Bernalillo County Metropolitan Detention Center ("BCMDC") and Chaplain Department were dismissed from the case on August 5, 2015.  [Doc. 18] at 3.

[2] Plaintiff also sought injunctive relief and a preliminary injunction, [Doc. 3], which were denied as moot in a Memorandum Opinion and Order by the Honorable Kenneth J. Gonzales, United States District Judge, because Plaintiff is no longer incarcerated at BCMDC.  [Doc. 18] at 3.

1

## I. Standard of Review

The Court has the discretion to dismiss an *in forma pauperis* complaint sua sponte under 28 U.S.C. § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint sua sponte under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim "if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1100 (10th Cir. 1991) (quoting *McKinney v. Okl. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992).

## II. Analysis

Plaintiff was a pretrial detainee at Bernalillo County Metro Detention Center ("BCMDC"). He has since been transferred to another correctional facility. *See* [Doc. 1] at 1. Plaintiff alleges that Defendants discriminated against Jewish inmates at BCMDC. Specifically, he alleges that Defendants failed to provide a supervisor for religious gatherings and threatened to discipline inmates for having unsupervised gatherings. He further alleges that Defendants failed to provide an acceptable and sufficient kosher diet to Jewish inmates. Finally, Plaintiff alleges that Defendants used a knowledge test to determine if an inmate could receive kosher meals. *Id*. at 2.

However, Plaintiff does not allege that *his* rights have been violated or that *he* has been injured by any Defendant. "[T]o the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissible for failure to allege the plaintiff's standing to proceed." *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990); *see also Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) ("[T]he district court properly dismissed [Plaintiff]'s claims alleged on behalf of other prisoners or the general prison population because [Plaintiff] lacked standing to bring them.").

Because he has not alleged that Defendants violated his rights or injured him personally, Plaintiff has not alleged sufficient facts to state a claim for relief on any of the grounds listed in his complaint. However, in the interests of justice, Plaintiff should be permitted to file an amended complaint that addresses the deficiency identified in this order. *Reynoldson*, 807 F.3d at 126 ("[I]f it is all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

## CONCLUSIONS AND RECOMMENDED DISPOSITION

For the reasons set forth herein, I respectfully recommend that Plaintiff be given 30 days to AMEND his complaint if he can state a claim on which relief may be granted. If he fails to do so within the time allowed, I recommend that his complaint be DISMISSED without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Objections are limited to 20 pages and shall comply with the Local Rules regarding form of documents.**  *See* **D.N.M.LR-Civ. 10.1.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**